Edwin C. SMITH and one, respts., v. PURE STRAINS FARM CO., impleaded, etc., applt. (Supreme Court, Appellate Division, Fourth Department. October 18, 1916.) Order affirmed, with $10 costs and disbursements. All concur.

Martha T. SMITH et al., appellants, v. Edward H. L. SMITH et al., respondents. (Supreme Court, Appellate Division, Second Department. September 29, 1916.) Motion denied, with $10 costs.

Rose SOBEL v. Sarah P. SOBEL and another. (Supreme Court, Appellate Division, First Department. October 13, 1916.) Motion granted, with $10 costs. Order filed.

Joseph SOMMERMAN v. Joseph C. SCAL. (Supreme Court, Appellate Division, First Department. October 13, 1916.) Motion to open default granted. Order filed.

Joseph SOMMERMAN v. Joseph C. SCAL. (Supreme Court, Appellate Division, First Department. October 13, 1916.) Motion granted, unless appellant complies with terms stated in order.

In the matter of the application of Edwin L. STEIBER, for admission to the bar. (Supreme Court, Appellate Division, Second Department. September 29, 1916.) Application granted.

In the Matter of the Application for an Allowance to Bessie E. STEINER, an infant, out of the income of a fund created by the will of Samuel Steiner, deceased. (Supreme Court, Appellate Division, Fourth Department. October 4, 1916.) Decree modified, so as to provide that the income on the legacies given by the eighth clause of the will does not belong to the legatees, but forms a part of the residuary estate, and, as so modified, the decree is affirmed, with costs to each of the parties appearing upon this appeal by separate attorneys, payable out of the fund. All concur.

In the Matter of the Application for an Allowance to John E. STEINER, an infant, out of the income of a fund created by the will of Samuel Steiner, deceased. (Supreme Court, Appellate Division, Fourth Department. October 4, 1916.) Decree modified, so as to provide that the income on the legacies given by the eighth clause of the will does not belong to the legatees, but forms a part of the residuary estate, and, as so modified, the decree is affirmed, with costs to each of the parties appearing upon this appeal by separate attorneys, payable out of the fund. All concur.

In the Matter of the Application for an allowance to Reva A. STEINER, an infant, out of the income of a fund created by the will of Samuel Steiner, deceased. (Supreme Court, Appellate Division, Fourth Department. October 4, 1916.) Decree modified, so as to provide that the income on the legacies given by the eighth

clause of the will does not belong to the legatees, but forms a part of the residuary estate, and, as so modified, the decree is affirmed, with costs to each of the parties appearing upon this appeal by separate attorneys, payable out of the fund. All concur.

In the Matter of the Application for an allowance to S. Marita STEINER, an infant, out of the income of a fund created by the will of Samuel Steiner, deceased. (Supreme Court, Appellate Division, Fourth Department. October 4, 1916.) Decree modified, so as to provide that the income on the legacies given by the eighth clause of the will does not belong to the legatees, but forms a part of the residuary estate, and, as so modified, the decree is affirmed, with costs to each of the parties appearing upon this appeal by separate attorneys, payable out of the fund. All concur.

Mary L. STEVENSON, as administratrix de bonis non, etc., of James H. STEVENSON, deceased, respondent, v. NEW YORK & LONG BRANCH RAILROAD COMPANY, appellant, and another. (Supreme Court, Appellate Division, Second Department. October 6, 1916.) Judgment and order affirmed, with costs. No opinion. Thomas, Carr, Mills, and Rich, JJ., concur. Jenks, P. J., not voting.

Thomas McAvity STEWART v. INTERBOROUGH R. T. CO. (Supreme Court, Appellate Division, First Department. July 17, 1916.) Application granted. Order signed.

John STICH v. FIDELITY & DEPOSIT CO. OF MARYLAND. (Supreme Court, Appellate Division, First Department. July 17, 1916.) Application denied, with $10 costs. Order signed.

John H. STODDARD and Caswell W. Stoddard, Respondents, v. Martin KELLY and Nellie Kelly, Appellants. (Actions Nos. 1 and 3.) John H. STODDARD and Others, as Executors, etc., and Others, Respondents, v. Martin KELLY and Nellie Kelly, Appellants. (Actions Nos. 2 and 4.) (Supreme Court, Appellate Division, Second Department. November, 1915.) The ordinary rule to receive an occupant's declarations to characterize his possession and claim of title as adverse (Morss v. Salisbury, 48 N. Y. 636, 642; Wigm. Ev. § 1778; Chamberlayne, Ev. § 2602) was specially applicable to declarations by James Kelly, deceased, because some fragmentary statements as to his original occupation had already been elicited by plaintiff's counsel. For excluding such testimony by the witness Hardcastle, the judgments must be severally reversed, and new trials granted, costs to abide the event. Jenks, P. J., and Carr, Stapleton, Mills, and Putnam, JJ., concur.

In the matter of the claim of the dependents of Michael SULLIVAN, claimants-respts., v. INDUSTRIAL ENGINEERING COMPANY, employer, and Casualty Company of America,